state that he levied upon the animals therein referred to, on the steamer Tauric, lying at pier 38, North river. Such affidavits also state that after the goods had been removed to 600 Greenwich street, in this city, the deputy sheriff having the attachment served upon the person in whose care and custody the said property was placed for and on behalf of the United States government a certified copy of said warrant of attachment, and a notice showing the property attached. The notice in question is a general one, and does not specify any particular property, but it was held in O'Brien v. Insurance Co., 56 N. Y. 55, that such a general notice is sufficient. In view of the interpretation which, as above stated, has been placed by the courts upon the expression, "property incapable of manual delivery," I think that in the case at bar a valid levy was made under the warrant of attachment. This view seems also to have been taken by the attorneys for the defendant, for on the 8th of February an order was obtained by them, discharging the attachment. This order is as follows: "A warrant of attachment having been duly granted herein, on the 31st day of January, 1894, and issued to the sheriff of the county of New York, and the defendant having applied for a discharge of said attachment, and having given the undertaking required by section 688 of the Code, and the same having been duly approved and filed: Now, on motion of Goodrich, Deady & Goodrich, attorneys for the defendant, it is ordered that the warrant of attachment granted herein, January 31, 1894, by Mr. Justice Lawrence, be, and the same is hereby, discharged." This order does not recite that a levy had been made, but it is difficult to understand why the attorneys for the defendant thought it necessary to obtain an order discharging the attachment if no levy had been made. Under these circumstances, I think that the sheriff is entitled to poundage. Section 2 of chapter 418 of the Laws of 1892 provides that where the warrant of attachment is vacated, set aside or discharged by order of the court, the sheriff shall receive poundage upon the value of the property attached, not exceeding the amount specified in the warrant. I understand that it is conceded that the value of the property attached largely exceeded the amount specified in the warrant, which was $10,000. The sheriff will therefore be allowed $275 for his poundage. In view of the fact that the property was not actually taken into the custody of the sheriff, the claim for keepers' fees has, I understand, been withdrawn.

---

(79 Hun, 611.)

## HAYES v. BAINBRIDGE.

(Supreme Court, General Term, Fifth Department. June 20, 1894.)

JURY TRIAL—FRAMING ISSUES.

In an action to adjudge a note and chattel mortgages void on the ground of usury, where defendant denies the usury, and prays judgment against plaintiff, it is not error to deny plaintiff's motion to frame issues for the jury on the counterclaim, as, when defendant has answered plaintiff's proof, he has also established his case.

Appeal from special term, Monroe county.

Action by Timothy L. Hayes against James P. Bainbridge. Plaintiff's motion to frame issues raised by defendant's counterclaim to be tried by jury was denied, and plaintiff appeals. Affirmed.

The opinion of Mr. Justice RUMSEY at special term is as follows:

The complaint sets up the giving of the note and the chattel mortgage, and the payment of usury, and prays judgment that both be declared void. The answer sets up the same things, except the usury, which it denies, and prays judgment by way of enforcing the two papers. The facts set up in the complaint and in the answer are precisely the same, and the causes of action in the two pleadings are not separate and distinct. When the defendants have answered the plaintiff's proof, they have exhausted the evidence to prove their counterclaim; and they can make no proof upon it, except what they offer to disprove the plaintiff's case, because both claims are settled when the plaintiff's case has been decided. The case is therefore within Cook v. Jenkins, 79 N. Y. 575. No reason appears why the court should exercise its discretion by sending the case to a jury for trial. Motion denied, with $10 costs, to abide event.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

Geo. M. Williams, for plaintiff.

Chas. A. Widener, for defendant.

PER CURIAM. Order appealed from affirmed, with $10 costs and disbursements.

---

(9 Misc. Rep. 316.)

## FREAR v. PUGSLEY et al.

(Supreme Court, Special Term, New York County. June, 1894.)

1. TESTAMENTARY POWERS—EXECUTION.
    A bequest of property to trustees, with power to the cestui que trust of disposition by will, is a valid execution of an absolute power of disposition given by will.

2. WILLS—SUSPENDING POWER OF ALIENATION.
    Where a beneficiary to whom property is bequeathed for life, with power of disposition by will, bequeaths the same to trustees, with power to the cestui que trust of disposition by will, it is not an illegal suspension of the power of alienation.

Action by Margaret Ann Frear against Frederick W. Pugsley and others to establish a trust. Judgment for defendants.

Louis V. Booraem, for plaintiff.

Frank Hasbrouck, for defendants.

TRUAX, J. Alexander Frear died in 1882, leaving his widow, the plaintiff, surviving him. By his will he appointed the plaintiff and the defendants Bartley and Tompkins trustees of certain trusts created in the will. The plaintiff never acted as such trustee. The testator gave to the trustees named in the will $20,000 to be placed on bond and mortgage, and he directed the trustees to apply the income and interest thereof to the use and benefit of his sister, Helen M. Dean, during her life, and gave to his said sister "power and authority to dispose of said principal sum of $20,000 by last will and testament." He made his wife and the defendant Tompkins resid-